WILLIAM M. ELDRIDGE *vs.* J. FRED O'CONNELL, Sheriff.

. Penobscot. Opinion March 7, 1916.

*Burden of proving verdict wrong.    Service of warrant.*

In an action of trover against a sheriff for the misconduct of one McKenney, his deputy, in illegally converting the plaintiff's team to his own use, a verdict having been rendered for the plaintiff, it is held.

1. That McKenney, at the time of the alleged tort, held the office of deputy sheriff and also was licensed as a State Agent for the prevention of cruelty to animals, and that the vital issue of fact for the jury was the determination of the official capacity in which McKenney was acting at the time, it being practically conceded that the acts themselves were unauthorized.

2. That this is not a case where the evidence is contradictory, imposing upon the jury the duty of determining where the truth is as between irre-

concilable testimony, but one where the evidence is overwhelmingly on the side of the defendant. The jury failed to distinguish between Mc-Kenney's acts as a deputy sheriff, for which the defendant would be liable and his acts as a State Agent for which he would not be liable. The verdict was manifestly wrong.

Action of trover against sheriff of Penobscot county for alleged wrongful acts of one of his deputies. The defendant pleaded general issue and brief statement, setting forth that his deputy, at the time of the committing of the alleged wrongful acts, was acting in his capacity as State agent of the Humane Society of the State of Maine and not in his capacity as deputy sheriff. Verdict for plaintiff. Motion for new trial filed by defendant. Motion sustained.

Case stated in opinion.

*George E. Thompson,* for plaintiff.

*Benjamin W. Blanchard,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-BROOK, JJ.

CORNISH, J. Action of trover against the sheriff of Penobscot county for the alleged misconduct of his deputy. The following facts are undisputed. On May 13 1913, one Edward J. McKenney called at the plaintiff's home, notified him that he had received a complaint that the plaintiff was not properly feeding his horse, examined the horse, cautioned the plaintiff and said that he would take the horse away in a month unless it was properly fed and cared for. On July 14, 1913, the plaintiff drove to Dexter village, and hitched his horse in a shed. McKenney, without the knowledge of the plaintiff, took the entire team, horse, harness and carriage into his possession. On September 18, 1913, McKenney obtained a warrant from the Dexter municipal court against the plaintiff for a violation of R. S., ch. 125, sec. 34, in unnecessarily and cruelly failing to provide his horse with proper food, drink, shelter, etc. On this complaint the plaintiff was convicted and sentenced.

During all this time, McKenney was a deputy sheriff, appointed by the defendant and was also a State agent for the prevention of cruelty to animals duly appointed and commissioned under R. S., ch. 125, sec. 54.

Under this state of facts it is not seriously controverted by the defendant that the action of McKenney in appropriating the property in question was not justifiable. That however creates only a personal liability on the part of McKenney. In order for the plaintiff to recover here it was necessary for him to prove further that McKenney was, at the time, acting as a deputy sheriff. The jury must have so found because they rendered a verdict in favor of the plaintiff, and the burden now rests on the defendant, under his general motion, to convince this court that the verdict was manifestly wrong. We think he has sustained that burden.

The evidence introduced by the plaintiff is barren of any proof that in taking this property McKenney was acting in the capacity of a deputy sheriff. Given its full effect it amounts simply to proof that McKenney took the property and that at that time he was a deputy sheriff. The connection between the two is missing. The plaintiff admits on cross examination that he did not know whether McKenney was acting as deputy sheriff or as a State agent. The plaintiff's case falls by its own weakness.

On the other hand McKenney positively declares that he was acting as such agent, during this whole time that he told the plaintiff at the first interview that he was acting in that capacity, and that he had been sent there by reason of a complaint concerning the care of the horse. This evidence is reasonable and credible.

The plaintiff introduced what purported to be a copy of the original complaint, warrant and return in the Dexter municipal court, dated September 18, 1913, which showed that the officer's return was signed by McKenney as deputy sheriff.

But the original was subsequently produced by the defendant, containing a schedule of the fees, which the copy did not, and this original return was signed by McKenney as "Humane Officer," a designation often colloquially used for the longer title of agent for the prevention of cruelty to animals. So far as this has any bearing it aids the defendant.

On the whole, this is not a case where the evidence is contradictory, imposing upon the jury the duty of determining where the truth is as between irreconcilable testimony, but one where the evidence is overwhelmingly on one side. The jury evidently did not sufficiently distinguish between McKenney's acts as a deputy sheriff,

for which the defendant would be liable, and his acts as a State agent for which he would not be liable, it being conceded that the acts themselves were unauthorized.

The entry must therefore be,

*Motion sustained.*